THOMPSON, Judge,
dissenting.
I believe AIGA met its burden of proving that Crump was no longer permanently and totally disabled; therefore, I must respectfully dissent. My review of the record indicates that AIGA met its burden by introducing uncontroverted evidence showing that Crump had been gainfully employed for an extended period of time, *213 both as a housekeeper and as a companion/caretaker, since the time of her work-related injury.
Section 25-5-57(a)(4)d, Ala.Code 1975, defines “permanent total disability,” in part, as “any physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment.” This court has consistently held that “[t]he test for permanent total disability is the inability to perform gainful employment.” Sanders v. Green, 726 So.2d 715, 718 (Ala.Civ.App. 1998) (citing Bidermann Industries Corp. v. Peterson, 655 So.2d 997 (Ala.Civ.App.1994)). My review of the record indicates that Crump has the ability to perform consistent, gainful employment over a sustained period, and that this is incompatible with the trial court’s finding that she continues to be permanently and totally disabled.
Because the record reflects that Crump had the ability to, and that she did, engage in gainful employment, I conclude that AIGA met its burden of proving that Crump was no longer permanently and totally disabled. While I recognize that the jobs Crump held were largely sedentary, the fact remains that she did in fact hold gainful employment and receive regularly paid wages for a sustained period of time after her injury. Despite the nature and type of the work Crump performed, the record reflects that she did have the ability to perform gainful employment. Therefore, I would reverse the judgment of the trial court.